UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RANDY RICHARDSON, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No. 17-cv-04047 |
| v. | ) | |
| | ) | |
| DIVERSIFIED CONSULTANTS, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Randy Richardson, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the Illinois Collection Agency Act, 225 ILCS 425, *et seq.* ("ICAA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331, and pursuant to 28 U.S.C. § 1367 as to Plaintiff's state law claim(s).

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## STANDING

3. Defendant attempted to collect a debt from Plaintiff not authorized by law.

4. Plaintiff has a congressionally defined right to not be subject to attempts to collect amounts not owed as a matter of law.

5. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define

injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6. Plaintiff, Randy Richardson ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Verizon personal cell phone account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA and 225 ILCS 425/2 of the ICAA.

7. Defendant, Diversified Consultants, Inc. ("Diversified"), is a Florida corporation that acts as a debt collector, as defined by § 1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. Defendant operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

8. Diversified is authorized to conduct business in Illinois, and maintains a registered agent here, at Incorp Services, Inc., 901 S 2nd Street, Suite 201, Springfield, Illinois, 62704. (Exhibit A, Record from the Illinois Secretary of State).

9. Diversified acts as a debt collection agency in Illinois.

## FACTUAL ALLEGATIONS

10. According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal family or household purposes, originally for a Verizon personal cell phone

account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA, and a "consumer debt" as that term is defined in 225 ILCS 425/2 of the ICAA.

11. Due to his financial circumstances, Plaintiff could not pay any debts, and the alleged debt went into default.

12. Diversified was subsequently hired to collect the alleged debt.

13. On or about May 27, 2016, Diversified sent a letter ("Letter") to Plaintiff regarding the alleged debt. (Exhibit B, Collection Letter).

14. The Letter conveyed various information regarding an alleged debt directly to Plaintiff, including an account number, and an account balance.

15. The Letter was thus a "communication" as that term is defined at 1692a(2) of the FDCPA.

16. The Letter stated that the Current Balance of the alleged debt was $726.89.

17. Plaintiff suspected the balance to be inflated and purchased a copy of his credit report to verify.

18. In that same month, May 2016, Diversified's client, Verizon, communicated information regarding the alleged debt to the Equifax consumer reporting agency.

19. Verizon communicated a balance on the alleged debt of $616. (Exhibit C, Excerpt of Equifax credit reporting showing Verizon tradeline).

20. Diversified attempted to collect an additional $110.89 over and above the actual balance of the alleged debt.

21. Diversified had no contractual nor statutory right to collect additional money from Plaintiff.

22. Diversified misrepresented the amount of the alleged debt to Plaintiff.

23. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (2) The false representation of—**
**(A) the character, amount, or legal status of any debt. . .**

**. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

24. Diversified falsely represented the amount of a debt, in violation of 15 U.S.C. §§ 1692e(2)(a) and 1692e(8), when it communicated an inflated balance Plaintiff.

25. 15 U.S.C. § 1692f of the FDCPA provides as follows:

**Unfair practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .**

26. Diversified attempted to collect an amount not permitted by law when it attempted to collect an additional $110.89 from Plaintiff, in violation of 15 U.S.C. §§ 1692f and 1692f(1).

27. Violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material. *See Lox v. CDA*, 689 F.3d 818, at 827. Here, Diversified's

misrepresentation of the balance of the alleged debt could lead the unsophisticated consumer to pay the inflated amount or to enter into payment arrangements that include the inflated amount.

28. 225 ILCS 425/9 of the ICAA prohibits the following:

**. . . (30) Misrepresenting the amount of the debt alleged to be owed. . . .**

29. Diversified misrepresented the amount of an alleged debt, in violation of 225 ILCS 425/9(a) of the ICAA, when it communicated an inflated balance to Plaintiff.

30. A private right of action exists for violation of the ICAA. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

31. In fact, statutes providing for administrative remedies (e.g. the revocation of a license, etc.) imply civil rights of action in Illinois. *Trull v. GC Servs. Ltd. P'ship*, 961 F. Supp. 1199, 1206 (N.D. Ill. 1997).

32. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

33. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

34. Diversified falsely represented the amount of a debt, in violation of 15 U.S.C. §§ 1692e(2)(a) and 1692e(8), when it communicated an inflated balance Plaintiff.

35. Diversified attempted to collect an amount not permitted by law when it attempted to collect an additional $110.89 from Plaintiff, in violation of 15 U.S.C. §§ 1692f and 1692f(1).

WHEREFORE, Plaintiff asks that the Court enter judgment in Plaintiff's favor and against Defendants as follows:

    A.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

   B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

   C. Such other or further relief as the Court deems proper.

## COUNT II—ILLINOIS COLLECTION AGENCY ACT

36. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

37. Diversified misrepresented the amount of an alleged debt, in violation of 225 ILCS 425/9(a) of the ICAA, when it communicated an inflated balance to Plaintiff.

WHEREFORE, Plaintiff asks that the Court enter judgment in Plaintiff's favor and against Defendants as follows:

   A. Compensatory and punitive damages;

   B. Costs; and

   C. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/*Celetha Chatman*
One of Plaintiff's Attorneys

Celetha Chatman
Michael Wood
***Community Lawyers Group. Ltd.***
73 W. Monroe Street, Suite 502
Chicago, IL 60603
Ph: (312)757-1880
Fx: (312)476-1362
cchatman@communitylawyersgroup.com
mwood@communitylawyersgroup.com